C.D. Michel – SBN 144258
Joshua Robert Dale —SBN 209942
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
Email: jdale@michellawyers.com

Attorneys for Defendant Turner's Operations, Inc. (erroneously sued as Turner's Outdoorsman-Reseda)

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

ESTELA J. RAMOS,

Plaintiff,

v.

TURNER'S OUTDOORSMAN-RESEDA, business form unknown; and DOES 1-25,

Defendants.

Case No.:

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(a) (Federal Question)

TO THE CLERK OF THE ABOVE-ENTITLED COURT

PLEASE TAKE NOTICE that Defendant Turner's Operations, Inc. (erroneously sued as Turner's Outdoorsman-Reseda) hereby removes to this Court the state court action described below.

1. On January 2, 2020, an action was commenced in the Superior Court of the State of California in the County of Los Angeles, entitled Estella J. Ramos, Plaintiff, v. Turner's Outdoorsman-Reseda, business form unknown, Defendant, as Case Number 20-STLC00024. A copy of the complaint is attached as Exhibit A.

2. Defendant was not served with the complaint and the summons, and has not otherwise appeared in the state court action.

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §§1331 and 1441(a) in that it only alleges violations of the Americans With Disabilities Act of 1990 and its amendments (42 U.S.C. §12101, et seq.) and only seeks remedies under that Act.

4. Specifically, this action alleges violations by Defendants of 42 U.S.C. §12182(a)&(b) and 28 C.F.R. §36.303(a)-(c). *See* Exh. "A" (Complaint) at 5:7-6:19. The action alleges entitlement to relief afforded under 42 U.S.C. §12188. *See id*. at 7:6-7.

Dated: April 15, 2020

**MICHEL & ASSOCIATES, P.C.**

Joshua Robert Dale
Attorneys for Defendant Turner's Operations, Inc. (erroneously sued as Turner's Outdoorsman-Reseda)

# Exhibit A

Electronically FILED by Superior Court of California, County of Los Angeles on 01/02/2020 05:12 PM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Castillejo,Deputy Clerk
20STLC00024
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Serena Murillo

Estela J. Ramos, In Pro Per
15760 Ventura Boulevard, Suite 860
Encino, CA 91436
(818) 510-0091

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| ESTELA J. RAMOS,<br><br>Plaintiff,<br><br>vs.<br><br>TURNER'S OUTDOORSMAN–RESEDA, business form unknown; and DOES 1-25,<br><br>Defendants. | Case No.: 20STLC00024<br><br>**VERIFIED COMPLAINT FOR DAMAGES**<br><br>**[LIMITED JURISDICTION ABOVE $10,000 BELOW $25,000]** |

**FIRST CAUSE OF ACTION**

**(PLAINTIFF AGAINST ALL DEFENDANTS)**

**VIOLATION OF CIVIL CODE SECTIONS 54 AND 54.1**

1. Plaintiff is ignorant of the defendants sued as Does 1-25. Once the names are ascertained, Plaintiff will amend the complaint to reflect those names.

2. At all times mentioned herein Defendants TURNER'S OUTDOORSMAN–RESEDA, business form unknown is doing business on the website known as https://turners.com/guns ("WEBSITE"). The Defendants physical address is located at 13929 Vanowen St, Reseda, California 91335.

1

VERIFIED COMPLAINT

3. At all times mentioned herein ESTELA J. RAMOS has been disabled.

4. Plaintiff has visited Defendant's public accommodation WEBSITE and has been denied full us and enjoyment of the facilities, goods, and services available on the WEBSITE as a result of access barriers.

5. Through their WEBSITES, Defendants offer vital data such as: research tools, information, data to compare accommodations, information to allow travel, purchasing products, offering of services, products for online sale and home delivery to the public.

6. Plaintiff has visited the WEBSITE in question and have been denied the full use and enjoyment of the facilities, goods, and services available on the WEBSITE as a result of access barriers.

7. The WEBSITE's barriers have previously denied Plaintiff full and equal access to all of the services Defendant's WEBSITE offers, and now deter Plaintiff from attempting to use Defendant's WEBSITE in the future.

8. Despite their permanent disabilities, Plaintiff is able and ready to visit Defendant's WEBSITE once it is made compliant. Plaintiff's disabilities, and the challenges Plaintiff face in physically traveling to and shopping in traditional brick-and-mortar retailers as a result of them, make it particularly likely that Plaintiff will return to Defendant's WEBSITE in the future to purchase Defendant's goods from the comfort of their homes.

9. As a result of having visited Defendant's WEBSITE in the past, and of investigations performed on Plaintiff's behalf, Plaintiff is aware that Defendant's WEBSITE provides insufficient access to disabled persons with visual impairments. The following subparagraphs detail some of the defects with the WEBSITE:

   **a.** A proper text equivalent for every non-text element is not provided;

**b.** Does not provide appropriate alternative text that presents the content of the image and/or the function of the link.

**c.** Information about the meaning and structure of content is not conveyed by more than the visual presentation of content;

**d.** All functionality of the content of the website is not operable through a keyboard interface requiring specific timings for individual keystrokes. The website cannot be navigated with a keyboard and/or the navigation of the website with the keyboard is not consistent across the website. All functionality is not available from a keyboard.

**i.** If keyboard focus can be moved to a component of the page using a keyboard interface, then focus cannot be moved away from that component using only a keyboard interface. On pages where a user can move to a part of a page via the keyboard, the user is unable to move away from that part of the page using only the keyboard.

**e.** Navigation of the website is not consistent across the website. A mechanism is not always available to bypass blocks of content that are repeated on multiple web pages. Navigational mechanisms that are repeated on multiple Web pages within a set of Web pages does not occur in the same relative order each time they are repeated. WCAG 2.0 - 3.2.3 Consistent Navigation

**f.** Plaintiff has performed a detailed investigation and Plaintiff alleges under information and belief that the WEBSITE lacks "titles that describe their topic or purpose." All form submission error messages identify any empty required fields. Upon receiving discovery, this paragraph will be amended;

g. The purpose of each link cannot be determined from the link text alone or from the link text and its programmatically determined link context;

h. Labels or instructions are not always provided when content requires user input;

i. Plaintiff has performed a detailed investigation and Plaintiff alleges under information and belief that the website and the content implemented using markup languages, the elements do not always have complete start and end tags, they are sometimes nested according to their specifications, may contain duplicate attributes, and IDs are not always unique. Upon receiving discovery, this paragraph will be amended.

10. If the WEBSITE were accessible, i.e. if Defendant removed these barriers, Plaintiff could independently have equal access to the entire WEBSITE.

11. Plaintiff has performed a detailed investigation and Plaintiff alleges under information and belief that although it appears that the Defendant does not have centralized policies regarding the maintenance and operation of its WEBSITE, it appears from an almost exhaustive review that Defendant has never had a plan or policy that is reasonably calculated to make its WEBSITE fully accessible to, and independently usable by, individuals with vision related disabilities. As a result, the complained of access barriers are permanent in nature and likely to persist. Upon receipt of discovery, Plaintiff shall amend the complaint to reflect such information.

12. Defendant's WEBSITE fails to comply with Web Content Accessibility Guidelines Version 2.0 ("WCAG 2.0 AA").

13. The law requires that Defendant's WEBSITE be accessible to Plaintiffs and others with visual disabilities. Removal of the barriers identified above is readily achievable and may be carried out without much difficulty or expense.

14. Removal of these barriers would make Defendant's WEBSITE accessible to Plaintiff allowing him to independently shop for and perform research via Defendant's WEBSITE.

15. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq*., provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

16. Defendant's WEBSITE is a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

17. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

18. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations, which is equal to the opportunities afforded to other individuals. 42 U.S.C. §12182(b)(1)(A)(ii).

19. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: "a failure to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford such goods, services,

facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii); *see also* 28 C.F.R. § 36.303(a).

20. Title III requires that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1). The regulation sets forth numerous examples of "auxiliary aids and services," including "...accessible electronic and information technology; or other effective methods of making visually delivered materials available to individuals who are blind or have low vision." 28 C.F.R. § 36.303(b).

21. The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder. Plaintiffs, who are blind and have disabilities that substantially limit the major life activity of seeing within the meaning of 42 U.S.C. §§ 12102(1)(A) and (2)(A), have been denied full and equal access to the WEBSITE. Plaintiffs have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled

persons. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

22. Plaintiffs' claims are warranted by existing law or by non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law.

23. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiffs request relief as set forth below.

**PRAYER**

**WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AGAINST THE DEFENDANTS, AND EACH OF THEM, AS FOLLOWS:**

1. A minimum of $4,000.00 in statutory damages;
2. For attorney's fees and costs;
3. For such other and further relief as to the Court seems just and proper.

DATED: October 30, 2019 Respectfully submitted,'

By: Estela Ramos

ESTELA J. RAMOS

**VERIFICATION**

I, Estela J. Ramos, state and declare that I am the Plaintiff herein, and that I have read the foregoing **COMPLAINT FOR DAMAGES** and know the contents thereof, and that the same is true of my knowledge, and as to these matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct on October 30, 2019 at Encino, California.

Estela Ramos

ESTELA J. RAMOS